UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

UNITED STATES OF AMERICA,

        Plaintiff,                                 Case No. 1:12-cr-20839

v.                                               Honorable Thomas L. Ludington
                                                    United States District Judge

WILLIAM LORD MERRILL,

        Defendant.
_____/

**OPINION AND ORDER GRANTING PETITIONER'S MOTION FOR EARLY TERMINATION OF SUPERVISED RELEASE**

This matter is before this Court on Defendant's Motion for Early Termination of Supervised Release. ECF No. 30. As explained hereafter, Defendant's Motion will be granted.

**I.**

For 25 years, Defendant William Lord Merrill, Ph.D., was a professor of education at Central Michigan University (CMU).[1] By all accounts, Defendant excelled in his role, publishing numerous articles and books, and serving in various leadership positions. But unbeknownst to his family and friends, during his last ten years at the university, Defendant spent much of his free time amassing a large collection of child pornography.

In 2012, CMU's IT Department "quarantined" Defendant's computer for using an unusually high amount of bandwidth. Upon inspecting the computer, CMU's IT Department discovered images and videos that appeared to depict child pornography. The IT Department then

---

[1] The facts stated here derive from Defendant's Presentence Investigation Report (PSR), which is on file with this Court.

contacted the local police, who executed a search warrant at Defendant's home and office and discovered some 106,000 images and 6,000 videos of child pornography.

Defendant was indicted in December 2012 and pleaded guilty three months later to one count of receipt of child pornography, 18 U.S.C. § 2252(a)(2)(A). ECF Nos. 14; 20. Due to his lack of criminal history and certain mitigating circumstances, Defendant's Guidelines range was 70 to 87 months.

At sentencing, Defendant's counsel argued that his conduct was partly the result of mental illness and childhood trauma, including sexual abuse. ECF No. 26 at PageID.100–05. His argument was supported by his treating psychologist, who claimed that Defendant was not a "sexual deviant" and did not pose a risk to children. ECF No. 26-2 at PageID.137.

After considering counsel's arguments, this Court sentenced Defendant to 70 months' incarceration followed by five years' supervised release. ECF No. 28. He did not appeal his conviction or seek any form of post-conviction relief and was released from custody on August 18, 2018.

Having successfully completed nearly 39 months of supervision, Defendant now seeks early termination of his supervised release. *See* ECF No. 30. The Government opposes Defendant's Motion, citing his longstanding battle with mental illness and the exceptional circumstances of his offense. ECF No. 31 at PageID.240.

In connection with Defendant's Motion, this Court has sought the opinion of Defendant's supervising probation officer, who has submitted a written report, which is on file with the Court.

Because Defendant has expressly waived his right to a hearing, ECF No. 30 at PageID.214, this Court will decide his Motion on the papers, *see* FED. R. CRIM. P. 32.1(c)(2)(A).

**II.**

Under 18 U.S.C. § 3583, a sentencing court may terminate a term of supervised release if "after considering the factors set forth in section 3553(a)(1), (a)(2)(B), (a)(2)(C), (a)(2)(D), (a)(4), (a)(5), (a)(6), and (a)(7) . . . it is satisfied that such action is warranted by the conduct of the defendant released and the interest of justice . . . ." 18 U.S.C. § 3583(e).

The relevant § 3553 factors are:

(1) the nature and circumstances of the offense and the history and characteristics of the defendant;
(2) the need for the sentence imposed--
    (B) to afford adequate deterrence to criminal conduct;
    (C) to protect the public from further crimes of the defendant; and
    (D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner;
(4) the kinds of sentence and the sentencing range established for--
    (A) the applicable category of offense committed by the applicable category of defendant as set forth in the guidelines…
(5) any pertinent policy statement…
(6) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and
(7) the need to provide restitution to any victims of the offense.

18 U.S.C. § 3553(a). "Early termination of supervised release is a discretionary decision that is only warranted in cases where the defendant shows changed circumstances—such as exceptionally good behavior." *United States v. Atkin*, 38 F. App'x 196, 198 (6th Cir. 2002) (unpublished).

**III.**

**A.**

Defendant's criminal conduct was, as the Government notes, "extraordinary." ECF No. 31 at PageID.239. Few child-pornography offenders manage to operate for nearly a decade without detection or to amass the number of images and videos that Defendant did. *Id.* at PageID.239 (noting that "defendant possessed over 106,000 images and over 1,600 videos"). Yet as extraordinary as his criminal conduct was, his conduct since his arrest has more than demonstrated

his willingness and ability to live a productive life. Accordingly, after considering the relevant statutory factors, this Court finds that early termination of supervised release is "warranted by [Defendant's] conduct . . . and the interest of justice." 28 U.S.C. § 3583(e).

**i.**

The first factor is "the nature and circumstances of the offense and the history and characteristics of the defendant." 18 U.S.C. § 3553(a)(1).

The seriousness of Defendant's offense is well documented. To summarize, over nearly a decade, Defendant gathered over 100,000 images, each of which exploited children. That conduct is especially reprehensible given Defendant's role as a professor of education—someone whom educators looked to and trusted.

Yet considerable weight must also be given to Defendant's personal circumstances and history. As recounted in his PSR, Defendant was sexually abused as a child. At that time, he and his family were living in Germany, where one of his teenage classmates regularly abused him and other children. Because of his abusive relationship with his parents, Defendant never told them about the incident. Before returning to Michigan at the age of 11, Defendant attempted suicide by hanging but the rope broke.

Overwhelmed with shame and depression, Defendant acted out in his teenage years, abusing drugs and alcohol, and fighting with his peers. He became sober after marrying his wife in 1973 but continued to struggle with depression and PTSD. In the early 2000s, Defendant came across child pornography (allegedly unintentionally) and quickly became obsessed with collecting the images and videos that he found online. His obsession apparently continued until his arrest in 2012.

Since his arrest nearly ten years ago, Defendant has committed himself to a new path in life. As confirmed by his probation officer, Defendant has successfully completed two sex-offender treatment programs (one in prison and one on supervised release); five polygraph tests; and 39 months of computer monitoring. Now retired, Defendant apparently spends most of his time volunteering in his community and church. ECF No. 30 at PageID.216. Defendant also attends therapy twice a week and intends to continue doing so indefinitely. ECF No. 30 at PageID.216. According to his probation officer, Defendant "appears motivated and well-equipped to maintain a healthy lifestyle moving forward."[2]

Defendant's good conduct is also substantiated by letters from his psychologist, a former colleague, and his former pastor—all of whom describe him as a decent and respectful person. *See id.* at PageID.232–34.

The Government's emphasis on Defendant's criminal conduct is well placed; few child-pornography offenders have done what Defendant did. But the weight of his criminal conduct must be balanced against his exceptional conduct over the past decade. On balance, Defendant's personal history and good conduct tip the scales in his favor.

For these reasons, the first factor weighs in favor of early termination.

**ii.**

The second factor is "the need for the sentence imposed." 18 U.S.C. § 3553(a)(2). This factor addresses the multiple objectives of the criminal sentence, including "to afford adequate deterrence to criminal conduct," "to protect the public from further crimes of the defendant," and

---

[2] As a matter of department policy, however, Defendant's probation officer is prohibited from recommending early termination of supervised release for individual convicted of a sex offense.

"to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner." *Id.* § 3553(a)(2)(B)–(D).

In cases like this, the criminal sentence is primarily intended to punish the offender and to deter other would-be offenders. *See United States v. Bistline*, 665 F.3d 758, 764 (6th Cir. 2012) ("Congress's long and repeated involvement in raising the offense levels for § 2G2.2 makes clear that the grounds of its action were not only empirical, but retributive—that they included not only deterrence, but punishment.").

But the statute authorizing district courts to terminate a term of supervised release plainly omits the punishment factor—§ 3553(a)(2)(A)—from the list of statutory factors that courts may consider. *See* 18 U.S.C. § 3583(e) (providing that courts may consider "the factors set forth in section 3553(a)(1), (a)(2)(B), (a)(2)(C), (a)(2)(D), (a)(4), (a)(5), (a)(6), and (a)(7)").

Accordingly, the task here is not to determine whether Defendant deserves additional punishment but whether he requires additional deterrence or correctional services. And given the totality of the circumstances, he seems to require neither.

By all appearances, Defendant has adjusted well after custody and enjoys the support of his family and community. He also possesses sufficient financial resources to pay for psychological treatment.

As for the protection of the public, Defendant's therapist states that, in her professional opinion, "[Defendant] [poses] an extremely low risk for recidivism." ECF No. 30 at PageID.232; *see also* ECF No. 26-2 at PageID.137 ("Mr. Merrill is not . . . a sexual deviant; no children are at risk from him."). And this Court is unaware of any evidence that would undermine that opinion.

For these reasons, the second factor weighs in favor of early termination.

### iii.

The third factor is "the kinds of sentence and the sentencing range established for [Defendant's offense.]" 18 U.S.C. § 3553(a)(4).

Having pled guilty to receipt of child pornography, Defendant was subject to five-year mandatory minimums for both his custodial and supervised-release sentences. *See* 18 U.S.C. § 2252(b)(1). Given his personal circumstances, he received a custodial sentence at the bottom of his Guidelines range (70 months) and the minimum five years of supervised release. ECF No. 28.

Despite being mandatory at the time of sentencing, Defendant's five-year term of supervised release may be terminated because he has completed at least one year of supervision. *United States v. Spinelle*, 41 F.3d 1056, 1060–61 (6th Cir. 1994) ("[A] district court has discretionary authority to terminate a term of supervised release after the completion of one year, pursuant to 18 U.S.C. § 3583(e)(1), even if the defendant was sentenced to a mandatory term of supervised release under 21 U.S.C. § 841(b)(1)(C) and 18 U.S.C. § 3583(a).").

Even so, Defendant received a custodial sentence at the bottom of the Guidelines range, much less than the 20-year maximum that Congress authorized. *See* 18 U.S.C. § 2252(b)(1).

For these reasons, the third factor is neutral.

### iv.

The fourth factor is "any pertinent policy statement" that is (1) "issued by the Sentencing Commission" and (2) "in effect on the date the defendant is sentenced." 18 U.S.C. § 3553(a)(5).

Defendant's PSR does not identify any pertinent policy statement, and this Court is unaware of any. Accordingly, the fourth factor is neutral.

### v.

The fifth factor is "the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct." 18 U.S.C. § 3553(a)(6).

Defendant points to multiple cases in which courts have granted early termination of supervised release under similar circumstances. *E.g.*, *United States v. Laszlo*, No. 2:16-cr-20501 (E.D. Mich. June 24, 2019) (defendant convicted of possessing child pornography who completed 36 months in custody and roughly 40% of supervised-release term), ECF No. 6; *United States v. Johnson*, No. 1:14-cr-20437 (E.D. Mich. June 6, 2019) (defendant convicted of receipt of child pornography who completed 84 months in custody and roughly 60% of supervised-release term), ECF No. 8.

Upon consideration of these and other cases, this Court finds that granting Defendant's Motion for Early Termination would promote uniformity in sentencing. *United States v. Simmons*, 501 F.3d 620, 623 (6th Cir. 2007) (noting that § 3553(a)(6) is concerned with "national disparities among the many defendants with similar criminal backgrounds convicted of similar criminal conduct").

Accordingly, the fifth factor weighs in favor of early termination.

### vi.

The sixth and final factor is "the need to provide restitution to any victims of the offense." 18 U.S.C. § 3553(a)(7). Defendant was not ordered to pay restitution, so this factor is neutral. ECF No. 28.

**B.**

In summary, the relevant § 3553(a) factors score 3–0–3 in favor of early termination. Based on those factors, this Court finds that early termination of Defendant's supervised release is "warranted by [his] conduct . . . and the interest of justice." 18 U.S.C. § 3583(a)(1).

**IV.**

Accordingly, it is **ORDERED** that Defendant's Motion for Early Termination of Supervised Release, ECF No. 30, is **GRANTED**.

Further, it is **ORDERED** that Petitioner's term of supervised release is hereby **TERMINATED**.

Dated: May 2, 2022                    s/Thomas L. Ludington
                                      THOMAS L. LUDINGTON
                                      United States District Judge